**Electronically Filed
Intermediate Court of Appeals
30606
08-DEC-2010
08:29 AM**

NO. 30606

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EMERSON M.F. JOU, M.D., Plaintiff-Appellant,

v.

ARGONAUT INSURANCE COMPANY, an Entity, Form Unknown; CITY AND COUNTY OF HONOLULU, a Self-Insured Governmental Entity; HEMIC, aka HAWAI'I EMPLOYERS MEDICAL INSURANCE COMPANY, an Entity, Form Unknown; and MARRIOTT CLAIM SERVICES CORPORATION, a Corporation; Defendants-Appellees,

and

JOHN DOE 1-50; DOE ATTORNEYS 1-50; DOE CORPORATIONS 1-10; et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-1445)

ORDER DENYING DEFENDANT-APPELLEE HEMIC'S
NOVEMBER 15, 2010 MOTION TO DISMISS APPEAL
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant-Appellee HEMIC's (Appellee HEMIC) November 15, 2010 motion to dismiss this appeal, (2) Plaintiff-Appellant Emerson M.F. Jou, M.D.'s (Appellant Dr. Jou), memorandum in opposition, and (3) the record, it

appears that Appellee HEMIC's November 15, 2010 motion to dismiss this appeal lacks merit.

Appellant Dr. Jou is appealing from the Honorable Gary W.B. Chang's June 15, 2010 post-judgment "Order Granting Defendant HEMIC's Motion to Enforce Settlement" (the June 15, 2010 order). Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although, for the purpose of appealability, a separate judgment is usually necessary under HRCP Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994), "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto, 103 Hawai'i at 158, 80 P.3d at 979. On its face, the June 15, 2010 order finally determines and ends the post-judgment proceeding for Appellee HEMIC's post-judgment motion to enforce a settlement agreement. The face of the June 15, 2010 order leaves no further substantive issues to be adjudicated.

In Appellee HEMIC's motion to dismiss this appeal, Appellee HEMIC argues that the June 15, 2010 order is not final because it does not resolve an issue regarding an award of attorneys' fees and costs. Contrary to Appellee HEMIC's argument, the face of the June 15, 2010 order does not indicate

-2-

that the circuit court leaves any such issue unresolved. Under analogous circumstances, Hawai'i courts have explained that an award of attorneys' fees and costs "is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). An appealable final judgment or order needs only to resolve substantive claims or issues, and "[t]he entry of the judgment shall not be delayed for the taxing of costs." HRCP Rule 58. And even if a party files a notice of appeal from an appealable judgment or order, Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure specifically authorizes a circuit court to retain jurisdiction to resolve a timely motion for attorneys' fees and costs for up to ninety days thereafter. The face of the June 15, 2010 order shows finality by unequivocally granting Appellee HEMIC's motion to enforce a settlement in full, leaving nothing further to be accomplished. Therefore, it appears that the June 15, 2010 order is an appealable, final post-judgment order pursuant to HRS § 641-1(a).

Furthermore, it appears that the June 15, 2010 order is additionally appealable under the collateral order doctrine. "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from

the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Siangco v. Kasadate, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotation marks omitted) (original brackets). Based on these three requirements for the collateral order doctrine, the intermediate court of appeals has "h[e]ld that an order enforcing a settlement agreement is a collateral order which is appealable." Cook v. Surety Life Insurance, Company, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995). Therefore, the June 15, 2010 order granting Appellee HEMIC's motion to enforce settlement is additionally appealable under the collateral order doctrine and the holding in Cook v. Surety Life Insurance, Company. Accordingly,

IT IS HEREBY ORDERED that Appellee HEMIC's November 15, 2010 motion to dismiss this appeal is denied.

DATED: Honolulu, Hawai'i, December 8, 2010.

Presiding Judge

Associate Judge

Associate Judge